STATE EX REL. JOHN S. CRAIG v. R. H. TAHASH.

116 N. W. (2d) 657.

June 29, 1962—No. 38,630.

*John S. Connolly* and *Andrew Kjos,* for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of the State Prison.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order of the District Court of Washington County denying relator's petition for a writ of habeas corpus based on his claim that he is unlawfully confined in State Prison under an invalid judgment of conviction. He asserts that at the time of his conviction he had pleaded guilty to the commission of a prior felony so that his sentence had been increased up to 14 years; and that at the time of his commission of the prior felony he was only 17 years of age and his right to have the juvenile court dispose of his case had been denied. He contends, therefore, that his conviction of the prior felony was invalid; that when he had pleaded guilty to such prior conviction he had done so in error; and that if the prior felony conviction was invalid the court erred in imposing the present sentence for a term in excess of the prescribed statutory period.[1]

In a memorandum attached to the order denying relator's petition, the court set forth:

"It appears from the petition herein and the exhibits attached thereto that petitioner was convicted of the crime of robbery, first degree, on or about May 27, 1942, in the District Court of Hennepin County and was sentenced to the State Reformatory for a term of not to exceed

---

[1]Minn. St. 610.28(2) provides: "If the subsequent crime is such that upon a first conviction the offender might be punished by an indeterminate sentence of imprisonment, then he shall be sentenced to imprisonment under an indeterminate sentence for not less than twice the shortest term, nor more than twice the longest term, prescribed upon a first conviction * * *."

five years. It also appears that on the 7th day of July, 1949, in the District Court of Hennepin County, he was, on his own plea of guilty, convicted of the crime of carnal knowledge and abuse of a female child, and by reason of his prior conviction of robbery, first degree, was sentenced to the State Reformatory for an indeterminate term of not to exceed fourteen years. It further appears that again in said District Court of Hennepin County, he was convicted of the crime of burglary, third degree, and on April 9, 1951, sentenced to the State Prison for a term of not to exceed five years.

"Petitioner now finds himself in prison under the sentence for carnal knowledge of not to exceed fourteen years and the sentence for burglary, third degree, of not to exceed five years, being in the aggregate of nineteen years. By his petition, his sole claim to liberty at this time is based on the assertion that the fourteen-year sentence for carnal knowledge is void or excessive, in that his previous conviction for robbery, first degree, of May 27, 1942, is void and could not be used to increase his punishment for the carnal knowledge crime. In other words, his claim is that if his sentence for carnal knowledge were seven years instead of fourteen years, the aggregate of his two last sentences would be twelve years instead of nineteen years, and that with credit for good time he was entitled to his release from prison on September 20, 1959. It is clear from his petition that he is making no claim that he is entitled to his release unless he can establish in this habeas corpus proceeding that his sentence for robbery, first degree, of May 27, 1942, is void.

\* \* \* \* \*

"\* \* \* in a proceeding before the District Court of Hennepin County entitled State of Minnesota vs. John S. Craig (of which I have taken judicial notice), petitioner filed a petition for a writ of error coram nobis in December, 1960, in which he raised precisely the same issue which he now brings before this court by way of habeas corpus. On February 23, 1961, the District Court of Hennepin County, Hon. John A. Weeks, District Judge, filed his order disposing of the issue adversely to petitioner and denied his petition. No appeal or other proceeding for a review of Judge Weeks' order has been taken; and so far as this court is concerned, the issue is regarded as res adjudicata."

The record of the juvenile court of Hennepin County with respect to relator's 1942 conviction indicates the following: On May 22, 1942, relator appeared in juvenile (district) court of Hennepin County before the Honorable Fred B. Wright in response to a complaint signed by Lieutenant M. Palm of the Minneapolis Police Department charging him with the crime of robbery in the first degree, and setting forth the details thereof. The record discloses that on that date relator appeared in juvenile court with his mother; that at that time he had been before this court on at least four prior occasions for incorrigibility (juvenile court file No. 29914); petty larceny (juvenile court file No. 30339); using an automobile without owner's permission (juvenile court file No. 32277); and receiving stolen property (juvenile court file No. 34595). The record further discloses that—

"* * * John appeared in court with his mother. Because of the boy's defiant attitude and the fact that he is close to 18 years of age, Lt. Palm recommended that the case be referred to District Court. Therefore, Judge Wright referred John to the County Attorney for criminal prosecution."

The juvenile court thereupon made its order as follows:

"The above entitled matter came on for hearing on the 22nd day of May 1942, a petition having been filed alleging that said John Craig is a delinquent child and that his age is 17 years; and the Court being advised in the premises, and being of the opinion that by reason of the degree of maturity evidenced by said John Craig it is not appropriate to deal with him as a juvenile.

"It Is HEREBY ORDERED that the county attorney [of] said county institute such prosecution in any Court of this State against said John Craig as may be appropriate.

"Dated May 22, 1942

"By the Court:
/s/ Fred B. Wright
Judge"

The records of the District Court of Hennepin County establish that after relator had been referred to the Hennepin County attorney for such prosecution as might be appropriate he was arraigned on

May 22, 1942, in the municipal court of Minneapolis on a complaint charging him with robbery in the first degree. After arraignment in the municipal court as described, relator was thereupon bound over to the district court for trial. Subsequently, on May 27, 1942, upon his plea of guilty as charged in the District Court of Hennepin County, judgment of conviction of such crime was entered against him and he was sentenced to be imprisoned in the Minnesota State Reformatory at St. Cloud for a term not to exceed 5 years. The record discloses that this sentence was stayed for one year while relator was in custody at the Red Wing State Training School for Boys.

The official records of the clerk of the District Court of Hennepin County (of which this court takes judicial notice), particularly the register of actions therein, as well as the docket register of the county attorney of Hennepin County, established that during all such proceedings in the District Court of Hennepin County relator was represented by James L. Krusemark, a competent and well-qualified attorney of the state bar. They further disclose that, on December 7, 1942, upon recommendation of the superintendent of the State Training School for Boys, relator's sentence was modified by the Honorable Vince A. Day, judge of the District Court of Hennepin County, in that he was granted a leave of absence on parole under custody of the superintendent so that he could engage in some gainful occupation until he was called for service in the armed forces under existing draft regulations, with the sentence to be suspended during such service.

In the present proceedings it is also relator's contention that the provisions of Minn. St. 260.031, 260.125, 260.135, 260.141, 260.155, and 260.161, subd. 1, were violated in the juvenile court proceedings described. These statutes came into effect by virtue of L. 1959, c. 685, and of course had no application to proceedings in May 1942.

Relator's final contention is that at his trial on the charge of robbery in the first degree in May 1942 his constitutional rights were violated by failure of the court to see that he was adequately represented by counsel.

■ We are in accord with the trial court's determination. The applicable provisions of Minn. St. 1941, c. 260, in effect at the time of relator's appearance in juvenile court, provided in part:

§ 260.01. "* * * The term 'delinquent child' means a child who violates any law of this state * * *; or who is habitually truant or incorrigible; * * *."

§ 260.02. "When jurisdiction shall have been obtained by the court in the case of any child such child shall continue for the purposes of these sections under the jurisdiction of the court until he becomes 21 years of age * * *."

§ 260.03, subd. 2 (Mason St. 1927, § 8638). "In the Fourth Judicial district all cases arising under this Act shall be heard by a judge of the District court, who shall bear the title 'District Court Judge, Juvenile Court Division.' "

§ 260.07. "Any reputable person including any agent of the commissioner of public welfare or the state industrial commission having knowledge of a child in this state who appears to be * * * delinquent may file with the juvenile court in the county where the child is or in the county of its residence a verified petition setting forth the facts * * *. The petition shall also set forth the name and residence of each parent, if known, * * *."

§ 260.08. "* * * The parents of the child, if living * * * shall be notified of the proceedings * * *. On the date set for the hearing * * * or on the appearance of the child with or without summons or other process in person before the court, and on the return of the service of notice, if there be any person to be notified, *or a personal appearance* or written consent to the proceedings of the person or persons, if any to be notified, * * * the court shall proceed to hear the case, and *may proceed in a summary manner.* * * * The child shall have the right to appear and be represented by counsel at all hearings in the court." (Italics supplied.)

§ 260.21. "The adjudication of a juvenile court that a child is delinquent shall in no case be deemed a *conviction of crime*; but the court may in its discretion cause any alleged delinquent child of the age of 12 years or over to be proceeded against in accordance with the laws that may be in force governing the commission of and punishment for crimes and misdemeanors, * * * by an order directing the

164

county attorney to institute such prosecution as may be appropriate." (Italics supplied.)

■ The facts set forth establish that the foregoing statutory provisions were fully complied with in the Hennepin County juvenile court proceedings involving relator on May 22, 1942. They definitely establish that relator appeared in juvenile court on that date and that his mother was present with him. Under § 260.02, because of his previous law violations, that court had continuing jurisdiction over him until he became 21 years of age. His appearance there with his mother was sufficient under § 260.08 to authorize that court to proceed in a "summary manner" and under § 260.21 to direct the county attorney of Hennepin County to institute appropriate proceedings to try him on the charge of robbery in the first degree. The facts are thus distinguishable from those presented in State ex rel. Knutson v. Jackson, 249 Minn. 246, 82 N. W. (2d) 234, where failure of the juvenile court to notify the mother of a juvenile charged with a serious crime to be present at the hearing in juvenile court, and her absence therefrom until after transfer of the proceedings to district court for trial, was held to clearly establish such violation of § 260.08 as to deprive the district court of jurisdiction therein. If in the Knutson case, as here, the juvenile's mother had been present at the time of the juvenile court hearing, this would have constituted sufficient compliance with § 260.08 to give the district court jurisdiction.

■ The records clearly establish here that relator was represented by competent counsel at the time he entered his plea of guilty to the crime of robbery in the first degree in the District Court of Hennepin County; that at the time of the hearing in juvenile court he was already under the jurisdiction of that court and that his mother was present with him at the hearing there; and that this hearing there did not involve any trial, conviction, or plea, but was "summary" in nature as authorized by § 260.08, and was similar to hundreds of like cases handled by that court each year. Relator, having the benefit of counsel on May 27, 1942, at the time he entered his plea of guilty to robbery in the first degree for which judgment of conviction was entered and sentence imposed, and which constituted the prior felony conviction to

which he subsequently pleaded guilty, appears to have been accorded all his constitutional rights. The fact that he at no time commenced serving his sentence therefor and that subsequently he was placed upon parole would appear to constitute sufficient evidence of the competence of his counsel at that time. The records thus establishing that he was accorded full protection of his constitutional rights, it would follow that this prior felony conviction was in all respects valid, and authorized the court to impose the additional penalty provided for in Minn. St. 610.28, when subsequently on July 7, 1949, he pleaded guilty to the crime of carnal knowledge and one prior felony conviction.

Affirmed.