Dana Donrief QUALLEY, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent,

Lawrence Alan YOST, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

Nos. CO–83–1485, CO–84–282.

Court of Appeals of Minnesota.

May 22, 1984.

Robert J. Brenner, Minneapolis, for Qualley.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, James B. Early, Joel Watne, Sp. Asst. Attys. Gen., St. Paul, for Com'r of Public Safety.

Peter J. Timmons, Moss & Barnett, Minneapolis, for Yost.

Considered and decided by SEDGWICK, P.J., PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

The cases before us raise questions about the construction of Minn.Stat. § 169.-123, subd. 5c (1982), which provides, in relevant part:

Within 30 days following receipt of a notice and order of revocation pursuant to this section, a person may petition the court for review. The petition shall be filed with the clerk of county or municipal court in the county where the alleged offense occurred, together with proof of service of a copy on the commissioner of public safety, and accompanied by the standard filing fee for civil actions.

## ISSUE

The common question here is whether a trial court is precluded from ordering a hearing under Minn.Stat. § 169.123, subd. 5c, when the petitioner failed to file the petition for the hearing with the court within the statutory 30-day period.

## DISCUSSION

### I

In reading the statute, the 30-day limitation upon the right to petition a court for review must be read together with the second sentence requiring filing of the petition with the clerk of court. To petition a court for redress, it is necessary that the petition be filed with the clerk of court.

Therefore, the statute must be read to require that the petition be filed with the clerk within 30 days of notice. Furthermore, the timely filing is a jurisdictional requisite. *Winchester v. Comm'r of Public Safety*, 306 N.W.2d 899 (Minn.1981). In *Winchester* the Supreme Court noted that the petitioner in that case had the harshness of the result mitigated by the fact that he was entitled to a post-revocation hearing under Minn.Stat. § 171.19 (1980). *Id.* at 900. The statute has been changed since the *Winchester* decision and the petition for reinstatement procedure in the district court is no longer available on revocation under this section. If the result now seems harsh, it is a criticism that may be levelled against many statutes of limitation. Furthermore, as a matter of public policy D.W.I. laws, including the implied consent statute, are liberally construed in the public's favor and are strictly applied. *State, Dept. of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981).

### II

Having interpreted the language of Minn.Stat. § 169.123, subd. 5c, the particular facts of each case will be dealt with separately.

#### Qualley v. Comm'r of Public Safety

On June 10, 1983, after his arrest for D.W.I., appellant Dana Qualley was given a notice and order of revocation of his driver's license under Minn.Stat. § 169.123 when his breathalyzer test results showed .11 blood alcohol concentration. Appellant signed a petition for an implied consent hearing and served it on the Commissioner of Public Safety on June 28, 1983.

Appellant's attorney's secretary neglected to file the original implied consent petition with the Anoka County Court Clerk at that time. The petition was filed with the Clerk of Court on July 21, 1983, 42 days after the notice and order of revocation.

The Commissioner filed a motion to dismiss the petition because it was not filed within the 30-day requirement of the statute and consequently the court lacked jurisdiction. The trial court granted the Commissioner's motion. Appellant seeks reversal of the order dismissing his petition.

The thrust of appellant's argument is that Minn.Stat. § 169.123, subd. 5c, merely requires a person to "petition" the court within 30 days, but does not require

filing the petition within 30 days. As authority appellant cites *Hunt v. Rolloff,* 224 Minn. 323, 327, 28 N.W.2d 771, 774 (1947), in which the Minnesota Supreme Court stated that "a petition, as a matter of law, is a *formal application* made by the petitioner *to a court* requesting judicial action." (Emphasis supplied). The reliance on *Hunt* is misplaced, however, because the only way, formally, to petition a court is by filing with the clerk. The necessary implication is that the 30-day limitation applies to the act of filing as the only available mechanism to petition a court for judicial action.

■ Appellant also claims that because a civil action is commenced when the summons is served upon the defendant under Rule 3.01, Minn.R.Civ.P., a petition has been made to the county court when service of the petition has been made upon the Commissioner of Public Safety. Appellant overlooks the fact that the initiation of the implied consent hearing is governed by Minn.Stat. § 169.123 and not by Rule 3 of the Minnesota Rules of Civil Procedure.

The failure to file the implied consent hearing request with the county court within the 30-day statutory period left the court without jurisdiction. We affirm the dismissal of appellant's petition.

### *Yost v. Comm'r of Public Safety*

This appeal arises out of Lawrence Yost's arrest on October 15, 1983, on a D.W.I. charge and the subsequent Breathalyzer test results which showed an alcohol concentration of .18. On the same day, Yost also received the Notice and Order of Revocation pursuant to Minn.Stat. § 169.-123, subd. 5a (1982). On November 9, 1983, less than 30 days after receipt of the Notice and Order of Revocation, Yost's petition for judicial review was served by mail upon the Commissioner of Public Safety.

According to Yost's counsel but without evidentiary support in the trial court file, the petition for judicial review was mailed to the court for filing, together with a check for the filing fees, on November 10, 1983.

November 11, 1983, was a legal holiday on which both the U.S. Post Office and the municipal court were closed. November 12 and 13 were a Saturday and Sunday, on which the municipal court was closed.

The petition was stamped "FILED NOV 15 1983", which was the 31st day after Yost's receipt of the Notice and Order of Revocation.

On December 2, 1983, the Commissioner of Public Safety served his motion to dismiss the petition for lack of jurisdiction by mail. The trial referee found that "the Municipal Court *should have* received the petition for filing" (emphasis supplied) on November 14, 1983; that Rule 6.05, Minn.R. Civ.P., allowed an extra three days to file; and that the Commissioner's motion was untimely. Thus, the motion was denied by the referee and the revocation was rescinded. The Commissioner then sought review of the referee's order by a judge. The order was affirmed. From both orders, the Commissioner has taken this appeal.

The Commissioner contends that court records are presumed to be correct and are not required to be disproved because of contrary speculation. We agree.

The trial court imposed on the Commissioner the burden of going beyond the court's records and proving them accurate. The respondent brought forth no evidence to show that the filing date was incorrect, other than speculation that the mail "should have been" received the day before; this likely was based on a mere allegation by counsel that the petition was mailed on November 10.

■ This court declines to entertain such speculation and takes judicial notice of the date of filing according to the records of the clerk of court of Hennepin County Municipal Court as the Supreme Court did of the Hennepin County District Court records in *State ex rel. Craig v. Tahash,* 263 Minn. 158, 116 N.W.2d 657 (1962). It should be noted that the clerks of Henne-

pin District and Municipal Courts have now been unified under one administration.

■ The trial court erred in ruling that Rule 6.05, Minn.R.Civ.P., allowed an extra three days in which to file the petition because it was mailed. The Rules of Civil Procedure do not here apply because jurisdiction was not first established. The court did not acquire jurisdiction and the reviewing court erred in concluding that the respondent was entitled to an additional three days beyond the statutory period of limitation.

■ The trial court also erred in ruling that the Commissioner's motion to dismiss for lack of jurisdiction was itself untimely and should therefore be denied. Lack of subject matter jurisdiction can be raised anytime including, for the first time, on appeal. *Mangos v. Mangos*, 264 Minn. 198, 117 N.W.2d 916 (1962); *Norris Grain Co. v. Nordaas*, 232 Minn. 91, 46 N.W.2d 94 (1950).

Accordingly, the decisions of the trial referee and reviewing judge are reversed and the Commissioner's order revoking Yost's driving license is reinstated.

### DECISION

The order in *Qualley v. Comm'r of Public Safety*, No. CO–83–1485, is affirmed, and the order in *Yost v. Comm'r of Public Safety*, No. CO–84–282, is reversed.