**Ronald Allen ULVEN, petitioner,
Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant,**

No. C2–84–199.

Court of Appeals of Minnesota.

June 26, 1984.

David Desmidt, Rapoport, Wylde & Nordby, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., NIERENGARTEN, J., and RANDALL, J., with oral argument waived.

POPOVICH, Chief Judge.

This is an appeal by the Commissioner of Public Safety from an order of the county court rescinding the revocation of respondent's driver's license. The Commissioner contends the trial court lacked jurisdiction because respondent's petition for judicial review was not filed within the 30-day statutory period. We reverse.

## FACTS

Pursuant to Minn.Stat. § 169.123 (1982), the implied consent law, Ronald Ulven was asked to submit to chemical testing. Following his refusal, the Commissioner of Public Safety sent a notice and order of revocation of driver's license on October 14, 1983. Ulven's petition for judicial review was dated November 21, 1983 and was filed on November 25, 1983. The Commissioner moved for dismissal for lack of jurisdiction on December 2, 1983. A hearing was held, and on December 29, 1983, the county court dismissed the revocation of Ulven's license and reinstated his driving privileges.

## ISSUE

Did the county court have jurisdiction to review the driver's license revocation under Minn.Stat. § 169.123, subd. 5c (1982) when the petitioner failed to file the petition for judicial review within 30 days?

## ANALYSIS

Minn.Stat. § 169.123, subd. 5c (1982) provides in part:

> Within 30 days following receipt of a notice and order of revocation pursuant to this section, a person may petition the court for review. * * *

This court recently decided that a trial court is without jurisdiction to order a post-revocation hearing under Minn.Stat. § 169.-123, subd. 5c when the hearing request is not filed within the 30-day statutory period. *Qualley v. Commissioner of Public Safety,* 349 N.W.2d 305 at 307–308 (Minn.Ct. App.1984). The record clearly shows Ulven's petition for review was filed more than 30 days after the notice and order of revocation. Thus, the county court lacked

jurisdiction and should not have reinstated respondent's driving privileges.

### DECISION

The order of the trial court reinstating respondent's driving privileges is reversed because the court lacked jurisdiction. The Commissioner's order revoking Ulven's driving privileges is reinstated.

Reversed.