**Susan Joan HERREID, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C5–84–763.

Court of Appeals of Minnesota.

Oct. 2, 1984.

Gordon G. Mohr, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

### OPINION

FOLEY, Judge.

The Commissioner of Public Safety appeals the rescission of revocation of respon-

dent's driving privileges. Respondent's driving privileges were rescinded pursuant to Minn.Stat. § 169.123 (1982), the implied consent statute. The respondent does not contest the appeal. We reverse.

## FACTS

On February 3, 1984, respondent received a notice and order of revocation of driving privileges, following her arrest for D.W.I. On February 27, 1984, respondent served the Commissioner of Public Safety with a copy of her petition for judicial review. This copy was served by mail and was received on February 28, 1984.

The petition, however, was not received by the court for filing until March 7, 1984. This was beyond the 30-day filing limit. Upon a motion to dismiss for lack of jurisdiction, respondent's counsel represented to the trial court that the petition was actually mailed on February 27, 1984. The trial court imposed the burden on the Commissioner to disprove the possibility that the court's records were in error as to the date of receipt of the petition. The trial court rescinded the revocation after the Commissioner failed to prove the petition was not filed timely.

## ISSUES

Must the Commissioner of Public Safety prove the accuracy of court records?

## ANALYSIS

In *Qualley v. Commissioner of Public Safety*, 349 N.W.2d 305 (Minn.App. 1984), we dealt with an identical issue. We held that court records are presumed to be correct and need not be proved because of contrary speculation. *Id.* at 308. We took judicial notice of the date of filing according to the records of the clerk of court.

## DECISION

The order rescinding the revocation of respondent's driving privileges is reversed. The Commissioner's order revoking respondent's driving privileges is reinstated.

Reversed.