David G. Moeller, Larkin, Hoffman, Daly & Lindgren, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and PARKER and WOZNIAK, JJ.

**John Patrick GARDNER, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C0–84–1819.**

Court of Appeals of Minnesota.

April 30, 1985.

### OPINION

PARKER, Judge.

Appellant's driver's license was revoked pursuant to the implied consent statute. This is an appeal from an order dismissing his petition for judicial review because the petition was untimely filed. We affirm.

### FACTS

On March 16, 1984, appellant John Patrick Gardner was arrested in St. Louis Park for DWI and assaulting a police officer. At the St. Louis Park Police Depart-

ment, Officer Harlan Hildebrandt read the implied consent advisory to Gardner, who called an attorney. Gardner testified that his attorney spoke with Police Sergeant Michael Cunningham and that he heard the sergeant say that Gardner would be taken to Methodist Hospital, where a blood test could be given. Gardner testified that his attorney advised him not to take the breath test because he was taking a blood test. Neither the attorney nor Sergeant Cunningham testified, although the attorney submitted an affidavit saying the sergeant had agreed to a blood test rather than a breath test. Officer Hildebrandt testified that he had no knowledge of the alleged telephone conversation or agreement.

After the telephone call was completed, Hildebrandt asked Gardner to take a breath test. Gardner refused, saying he did not want to take the test.

Hildebrandt prepared a notice and order of revocation and gave or showed it to Gardner. The notice was then placed with Gardner's personal belongings, which the police department had taken to be inventoried. Gardner contends he did not receive the notice of revocation until March 20, 1984, when his personal possessions were returned to him.

Gardner was then taken to Methodist Hospital, where a blood sample was drawn. Hildebrandt testified that the blood test was taken only in connection with the felony assault charge and that Gardner was reluctant to have a sample taken because he believed it could also be used for the DWI charge. Hildebrandt said he explained that the test would not be used for the DWI charge. Gardner denied this and testified he took the blood test voluntarily on the advice of his attorney.

On May 25, 1984, Gardner's attorney learned that the results of Gardner's blood test indicated an alcohol concentration of .05 percent. On June 19, 1984, Gardner served the Commissioner of Public Safety with a petition for judicial review. On June 26, 1984, the petition was filed with Hennepin County Municipal Court. After a hearing, a referee dismissed the petition

for lack of jurisdiction because it had been untimely filed.

## ISSUE

Did the trial court err in dismissing appellant's petition for judicial review for lack of jurisdiction because it had been untimely filed?

## DISCUSSION

Gardner argues that the legal basis for stopping him was insufficient; that the Commissioner was without jurisdiction to revoke his driver's license because he did not refuse a test or, in the alternative, that he reasonably refused chemical testing because he had a good-faith belief that the blood test satisfied the statute; and that the alleged four-day delay in providing him with a notice and order of revocation constitutes a procedural violation of the implied consent notice requirement. The issues Gardner raises are factual questions which were not decided because the trial court found it did not have jurisdiction to do so. We agree.

Minn.Stat. § 169.123, subd. 5c (1984), provides in relevant part:

Within 30 days following receipt of a notice and order of revocation pursuant to this section, a person may petition the court for review. The petition shall be filed with the clerk of county or municipal court in the county where the alleged offense occurred, together with proof of service of a copy on the commissioner of public safety * * *.

The statute requires that the petition be filed with the clerk of court within 30 days of notice of revocation. *Qualley v. Commissioner of Public Safety*, 349 N.W.2d 305, 307 (Minn.Ct.App.1984). Timely filing is a jurisdictional requirement. *Id.*

Gardner's petition for judicial review was filed with the Hennepin County Municipal Court on June 26, 1984. Even if we were to accept Gardner's argument that the 30-day limitation period should not commence until May 25, 1984, the date on

which his attorney learned of the blood test results, the petition was still filed two days late. Thus, the trial court correctly found it lacked jurisdiction to consider the merits of this action. *See Qualley* at 308; *Thorud v. Commissioner of Public Safety,* 349 N.W.2d 343, 345 (Minn.Ct.App.1984); *Ulven v. Commissioner of Public Safety,* 349 N.W.2d 862, 862–63 (Minn.Ct.App. 1984).

## DECISION

The trial court did not err in dismissing appellant's petition for judicial review of his driver's license revocation for lack of jurisdiction because appellant's petition was not timely filed.

Affirmed.