Jerry Dison BITKER,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C2-85-441.

Court of Appeals of Minnesota.

Sept. 3, 1985.

William Kirschner, Kirschner & Baker Legal Clinic, Fargo, N.D., for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order dismissing a petition for review of a license revocation for untimely filing of the petition. The trial court also made a finding that appellant refused to submit to chemical testing. We affirm.

## FACTS

Appellant Jerry Bitker was found asleep in his truck parked along the side of Highway 200 in Halstad on the night of October 27, 1984. The officer, who had been called to the scene, testified that Bitker was slumped over the wheel. He was asked to take a preliminary breath test, but did not provide a sufficient sample of his breath to register on the machine.

Bitker was arrested and taken to police headquarters where the Implied Consent

Advisory was given and Bitker agreed to take the blood test. Bitker testified that he asked that a registered nurse or doctor take the blood sample. A registered nurse was present at the hospital and attempted to take a sample, but had trouble finding a vein, and was able to draw only a minimal amount after two attempts. The police officer testified that Bitker then refused to allow the nurse to make a third attempt.

Bitker's driver's license was taken from him by the police officer on October 28, and a notice of revocation was given to him.

At some point, a petition for review of the revocation was prepared. The undated original appears in the file. A secretary in Bitker's attorney's office signed an affidavit of service of the petition on the Commissioner on November 20, 1984. Bitker claims that the original of the petition was mistakenly sent, along with a copy, to the Commissioner.

The secretary testified that she "would have sent a copy to the Commissioner ... and the original to the Norman County Courthouse in Ada." She testified that on December 3, the petition and affidavit of service were returned by mail with a green form instructing the sender as to the proper address. She could not state where this form originated.

Bitker's attorney testified that he saw the original petition, affidavit of service, and check for filing fee on December 3. The green form had a seal from a state agency, which he believed to have been the Department of Public Safety.

Neither the green form nor the mailing envelope was produced by Bitker. The State did not introduce its copy of the petition, and claims not to have been served. The petition bears a stamped date of filing of December 5, 1984, the 38th day following the arrest and the revocation of Bitker's license.

The trial court found that Bitker had not filed his petition for review within the statutory 30-day period, and that it lacked jurisdiction to hear the petition. It also found that Bitker had refused chemical testing.

## ISSUES

1. Did the trial court err in finding that it lacked jurisdiction to hear the petition?

2. Did appellant refuse testing without reasonable grounds?

## ANALYSIS

### I.

■ The statutory provision reads as follows:

Within 30 days following receipt of a notice and order of revocation pursuant to this section, a person may petition the court for review. The petition shall be filed with the clerk of county or municipal court in the county where the alleged offense occurred, together with proof of service of a copy on the commissioner of public safety, and accompanied by the standard filing fee for civil actions.

Minn.Stat. § 169.123, subd. 5c (1984). The thirty-day filing deadline is jurisdictional. *Winchester v. Comm'r of Public Safety*, 306 N.W.2d 899, 900 (Minn.1981); *see also*, *Oualley v. Comm'r of Public Safety*, 349 N.W.2d 305, 307 (Minn.Ct.App.1984).

It is undisputed that the petition was not filed in the clerk of court's office until December 5, past the 30-day period. Bitker contends, however, that the petition was mailed to the Commissioner well before the deadline, allowing ample time to return the original to Bitker's attorney for proper filing before expiration of the deadline.

In *Oualley*, this court strictly applied the 30-day filing deadline where a petitioner claimed to have complied by a timely mailing of the petition to the court. The driver whose license had been revoked alleged that the petition had been mailed in time for receipt before the filing deadline. The trial court agreed, finding that the petition *"should have* [been] received" by the court before the deadline. 349 N.W.2d at 308 (emphasis in original). This court reversed, stating:

The trial court imposed on the Commissioner the burden of going beyond the court's records and proving them accu-

rate. The respondent brought forth no evidence to show that the filing date was incorrect, other than speculation that the mail "should have been" received the day before; this likely was based on a mere allegation by counsel that the petition was mailed on November 10.

*Id.*

The basis of Bitker's argument is also speculative testimony. Neither his at-. torney nor his attorney's secretary could state positively that the original of the petition had been mailed to the Commissioner. They could only speculate that this was the case.

Given the insufficiency of this evidence, we do not address Bitker's claim that the State should be estopped from asserting the filing deadline because of its alleged conduct in retaining the original petition.

## II.

Because we affirm the trial court's dismissal for lack of jurisdiction, we need not address the issue of whether Bitker refused testing without reasonable grounds.

## DECISION

The trial court did not err in dismissing the petition for lack of jurisdiction.

Affirmed.