*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1990**

Candyce L. Brown, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 1, 2016
Affirmed
Muehlberg, Judge***

Ramsey County District Court
File Nos. 62-K1-96-003709, 62-KX-96-003742

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

        Considered and decided by Schellhas, Presiding Judge; Reyes, Judge; and Muehlberg, Judge.

_____

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

**MUEHLBERG**, Judge

Appellant Candyce Brown challenges the denial of her petition for postconviction relief, in which she asked the district court to vacate its order correcting clerical errors in her file. She argues her two 1996 terroristic-threats convictions were properly deemed misdemeanors and also that, even if changes to the register of actions were initially erroneous, it was improper to order a correction because she had developed a "crystallized expectation of finality" in her sentences. Because her convictions are properly characterized as felonies, and because the district court has broad authority to correct clerical errors, we affirm.

## FACTS

In January 1997, Brown pleaded guilty to two counts of terroristic threats pursuant to Minn. Stat. § 609.713, subd. 1 (1996), for two separate incidents that occurred in November 1996. Brown was sentenced to 15 and 18 months of imprisonment, respectively, for the two counts. The sentences were to run concurrently. The prison sentences were stayed, and Brown was ordered to serve probation for a period of up to five years. The sentences were stayed pursuant to a condition that Brown serve 73 days in confinement in a Volunteers of America facility. Brown was released from probation in October 2000.

In 2011, Brown sought expungement of her criminal records pertaining to the two 1996 terroristic-threats cases. Her expungement petitions were denied.

Through the expungement proceedings, the district court became aware of clerical errors in the register of actions by which Brown's convictions were changed to reflect misdemeanors rather than felonies. When the clerical errors occurred is not clear, but Brown's brief states that it was "after she completed her term of probation" in 2000.

The district court issued an order to correct the clerical errors on January 9, 2014, to accurately reflect that the convictions were felonies. Brown petitioned for postconviction relief, arguing her convictions were properly deemed misdemeanors and asking the court to vacate the order correcting the clerical error. The district court denied her postconviction petition without a hearing.

Brown now appeals, seeking reversal of the district court's order denying postconviction relief and asking this court to vacate the district court's order correcting the clerical mistake. Brown's attorney does not dispute that the convictions are properly characterized as felonies, but instead argues that it was improper to order a correction because Brown had developed a "crystallized expectation of finality" in the misdemeanor characterization of her convictions. In her pro se supplemental brief, Brown again argues that her convictions were properly deemed misdemeanors.

**D E C I S I O N**

## I.     Are the convictions properly characterized as felonies?

Brown argues in her pro se postconviction petition and in her pro se supplemental brief in this appeal that her convictions were properly deemed misdemeanors. Her claim is misguided.

Minnesota statutes define a felony as "a crime for which a sentence of imprisonment for more than one year may be imposed." Minn. Stat. § 609.02, subd. 2 (1996); *see also* Minn. Stat. § 609.02, subd. 2 (2014) (reflecting that the definition of "felony" is the same now as it was at the time of Brown's convictions). Minnesota statutes also provide that a felony may be deemed a misdemeanor "if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence." Minn. Stat. § 609.13, subd. 1(2) (1996); *see also* Minn. Stat. § 609.13, subd. 1(2) (2014) (reflecting that the definition of "felony" is the same now as it was at the time of Brown's convictions).

The district court imposed sentences of 15 months and 18 months of imprisonment for her terroristic-threats convictions. Although the *execution* of her prison sentences was stayed, the *imposition* of those sentences was not stayed. *See* Minn. Sent. Guidelines 1.B.19 (2015) (discussing distinction between stay of execution and stay of imposition); *see also State v. Webber*, 382 N.W.2d 567, 567-68 (Minn. App. 1986) (demonstrating that a stay of imposition is distinct from a stay of execution). The Minnesota Supreme Court has made clear that the fact a person was allowed to serve anything less than her full prison sentence has no impact on the felonious character of the conviction. *State v. Gorman*, 546 N.W.2d 5, 7-8 (Minn. 1996). Whether a conviction is a felony is measured by the sentence imposed. *Id.*

We also note that Brown refers to the wrong statute in addressing her convictions. Although she claims to have been convicted for violating Minn. Stat. § 609.713, subd. 3 (1996), she was actually convicted under subdivision 1 of that section for both terroristic-

4

threats incidents. *Compare* Minn. Stat. § 609.713, subd. 1 (1996) ("Whoever threatens . . . to commit any crime of violence with purpose to terrorize another . . . may be sentenced to imprisonment for not more than five years . . . ."), *with id.*, subd. 3 ("Whoever displays, exhibits, brandishes, or otherwise employs a replica firearm or a BB gun in a threatening manner, may be sentenced to imprisonment for not more than one year and one day . . . ."). Her argument on this point is meritless as both subdivisions allow for felony-level sentences and neither has changed in any impactful way since her convictions.

Brown's convictions were at all times properly characterized as felonies. If at any time they were deemed misdemeanors, it was in error.

## II. Did the district court abuse its discretion in denying postconviction relief and declining to vacate its order correcting a clerical error?

Through her attorney, Brown asserts she had a "crystallized expectation of finality in her sentences," and therefore the correction order violated her right to due process. In making this argument she relies on *State v. Calmes*, 632 N.W.2d 641 (Minn. 2001). Brown did not make this argument to the district court in her petition for postconviction relief. Her crystallized-expectation claim can be rejected simply based on her failure to raise it to the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotations omitted)).

But Brown's argument under *Calmes* also fails on its merits. Brown implicitly argues the district court's correction of the register of actions was an appealable judicial act affecting her sentences. However, the district court's action is properly characterized

5

as a correction of a clerical error. The district court had undeniable authority to correct such an error: "Clerical mistakes in a judgment, order, or in the record arising from oversight or omission may be corrected by the court at any time, or after notice if ordered by the court." Minn. R. Crim. P. 27.03, subd. 10.

In its order denying Brown's petition for postconviction relief, the district court identified the clerical errors now in dispute, stating, "This clerical entry was not pronounced or authorized by [the district judge], and this entry was a clerical mistake." Brown has offered no evidence to challenge the district court's conclusion that the changes to the register of actions were clerical errors rather than judicial acts. The district court's determination that the changes were clerical errors is legally sound. *See Wilson v. City of Fergus Falls*, 181 Minn. 329, 332, 232 N.W. 322, 323 (1930) (holding that clerical error is one "which cannot reasonably be attributed to the exercise of judicial consideration or discretion"); *c.f. State v. Pflepsen*, 590 N.W.2d 759, 768 n.4 (Minn. 1999) (citing *Wilson* and holding that "district court's decision not to order restitution" could not be corrected as clerical error because it reflected district court's discretionary decision).

Because the changes to the register of actions were clerical errors, the district court had the authority to make the correction at any time. *See* Minn. R. Crim. P. 27.03, subd. 10. The register of actions is part of the "official records of the clerk of the [d]istrict [c]ourt." *State ex rel. Craig v. Tahash*, 263 Minn. 158, 162, 116 N.W.2d 657, 660 (1962). The register therefore is a part of the record, and the district court had authority to correct clerical errors contained within it. The district court acted within its discretion both in

correcting the clerical errors and in denying Brown's petition for postconviction relief on this basis.

Finally, Brown's claim can also be rejected because her only legal authority for this argument, *Calmes*, is inapposite. In *Calmes*, the Minnesota Supreme Court defined a limited constitutional constraint on a court's authority to modify a sentence. 632 N.W.2d at 647-49. The constraint identified in *Calmes* does not apply here because Brown has not shown that her sentence was actually modified by the district court. For an unspecified period of time, the register of actions showed that Brown's convictions had been deemed misdemeanors. But no judicial action or court order authorized that alteration, and no legal authority supported it. Because Brown's sentence was not actually modified, her claim under *Calmes* that she was denied due process fails.

**Affirmed.**