Robert W. WINCHESTER, petitioner, Respondent,

v.

The COMMISSIONER OF PUBLIC SAFETY for the State of Minnesota, Appellant.

No. 51317.

Supreme Court of Minnesota, En Banc.

July 2, 1981.

Warren Spannaus, Atty. Gen., and Bernard E. Johnson, Sp. Asst. Atty. Gen., St. Paul, for appellant.

William G. Thornton, Minneapolis, for petitioner-respondent.

WAHL, Justice.

On February 4, 1980, respondent was stopped while operating a motor vehicle in Minneapolis. Respondent's breath test showed a blood-alcohol content of 0.10 percent. He was arrested and charged with driving while under the influence of alcohol, careless driving, and driving too fast for conditions.

In conjunction with the arrest and charge, he was required to surrender his Minnesota driver's license to the arresting officer and received a temporary driver's license along with a notice of proposed revocation, as required by Minn.Stat. § 169.123, subd. 5a (1980).

The Department of Public Safety did not receive respondent's request for a hearing within the 30-day period prescribed by section 169.123, subd. 5, and revoked his driver's license on March 6, 1980. Upon respondent's petition for reinstatement of his temporary driver's license and a hearing in municipal court under section 169.123, subd. 6, the Hennepin County District Court, on April 9, 1980, ordered that he be granted the hearing in municipal court under section 169.123, subd. 6, and ordered further that the Commissioner of Public Safety issue a temporary driver's license until after a final determination of the case had been made. It is from this order that the state appeals. We reverse.

The issue before us is whether the district court is precluded from ordering a hearing under Minn.Stat. § 169.123, subd. 6 (1980), where the petitioner has failed to request such a hearing within the statutory 30 days after being properly advised of the Commissioner's intent to revoke his driver's license.

The 30-day period for pre-revocation hearing requests is a jurisdictional limitation upon the trial court, where, as here, notice of intended revocation is adequate. Although the result seems harsh in the case at bar, since it was not the fault of respondent that the hearing request which he had left with his attorney was not forwarded to the Commissioner of Public Safety within the 30-day period, the district court was without jurisdiction to extend the limitations period. The harshness is mitigated by respondent's entitlement to a full post-revocation hearing, under Minn.Stat. § 171.19 (1980), in which he may challenge the merits as well as the procedure of revocation. *McIntee v. Department of Public Safety,* 279 N.W.2d 817 (Minn.1979). Respondent

can apply for a limited license under section 169.123, subd. 9.

 We are not persuaded by respondent's contention that section 169.123, subd. 7, which provides for district-court review of a municipal- or county-court hearing under section 169.123, subd. 6, empowers a district court to order a subdivision 6 hearing even though such a hearing was not requested within the 30-day period. Subdivision 7 provides for a review of the record of the proceeding below and does not empower a court to order such hearings in the first instance.

Reversed.