Richard John THORUD, petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent,

and

Cathleen Joyce CHRISTENSON, petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

Nos. C7–83–1824, C9–83–1825.

Court of Appeals of Minnesota.

June 12, 1984.

Ralph S. Palmer, Roseville, for Thorud and Christenson.

Hubert H. Humphrey, III Atty. Gen., Donald J. Paquette, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Public Safety.

Heard, considered, and decided by WOZNIAK, P.J., HUSPENI and NIEREN-GARTEN, JJ.

## OPINION

WOZNIAK, Judge.

Appellants Thorud and Christenson seek to reverse a determination that the petitions for review of their driver's license revocations were not timely filed. We affirm.

### FACTS

On July 14, 1983, Thorud and Christenson were involved in a single incident and were arrested for D.W.I. After refusing to take breathalyzer tests, both were sent notices and orders of revocation of their driving licenses pursuant to Minn.Stat. § 169.123(5c) (1982). Accordingly, they had 30 days to file for review:

> Within 30 days following receipt of a notice and order of revocation pursuant to this section, a person may petition the court for review. The petition shall be filed with the clerk of county or municipal court in the county where the alleged offense occurred, together with proof of service of a copy on the commissioner of public safety, and accompanied by the standard filing fee for civil actions.

Minn.Stat. § 169.123(5c) (1982).

Twenty-nine days later, on Thursday, August 11, 1983, a law clerk, employed by Thorud's and Christenson's counsel, attempted to file their petitions with Hennepin County Municipal Court. Lynn Manges, a senior court deputy, asked the law clerk where the incident occurred. He did not know. She took the money and petitions in hand and checked a computer for the arrest information. This information is used to designate the court in which the case will be heard. Unable to obtain the information, Manges returned to the counter.

The law clerk testified that Manges would not accept the petitions without the background information. Manges testified that she twice told the law clerk that the petitions could be filed at that time, and that the other information would be acceptable at a later date. She testified that this was usual procedure.

Regardless, the petitions and money were returned to the law clerk. Having obtained background information in the interim, he returned eight days later, on August 19, to file the petitions—the 37th day. The law clerk testified that he knew about the thirty-day rule when he originally attempted to file.

Based on the above, the court found that the petitions were not timely filed.

### ISSUE

Was the trial judge's finding that the petitions for Thorud and Christenson were not timely filed clearly erroneous?

### ANALYSIS

On review, factual findings are not set aside unless they are clearly erroneous, *State, Dep't of Highways v. Beckey*, 291 Minn. 483, 487, 192 N.W.2d 441, 445 (1971), "and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses," Minn.R.Civ.P. 52.01.

The court was entitled to believe Manges that she did not reject the petitions offered by the law clerk. Her testimony was credible; she had less personal interest in this case than the law clerk. Thus, the findings based on her testimony were not clearly erroneous.

Were the law clerk confused, he and his employing attorney had yet another day to remedy the situation. They were aware of the thirty-day rule. Their neglect to file by the thirtieth day left the court without jurisdiction. *See, Qualley v. Commissioner of Pub. Safety,* 349 N.W.2d 305 (Minn.Ct.App.1984); *cf. Swicker v. Ryan,* 347 N.W.2d 367 (Minn.Ct.App.1984) (law clerk's misinterpretation of time limits no excuse).

Our Supreme Court has observed in similar circumstances:

> The 30-day period for pre-revocation hearing requests is a jurisdictional limitation upon the trial court, where, as here, notice of intended revocation is adequate. Although the result seems harsh in the case at bar, since it was not the fault of respondent that the hearing request which he had left with his attorney was not forwarded to the Commissioner of Public Safety within the 30-day period, the district court was without jurisdiction to extend the limitation period. The harshness is mitigated by respondent's entitlement to a full post-revocation hearing, under Minn.Stat. § 171.19 (1980), in which he may challenge the merits as well as the procedure of revocation.

*Winchester v. Commissioner of Pub. Safety,* 306 N.W.2d 899, 900 (Minn.1981). Minn.Stat. § 171.19 has been changed since the *Winchester* decision and the petition for reinstatement procedure in the district court no longer is available for revocation under this section.[1] Recognizing this, we recently commented:

> If the result now seems harsh, it is a criticism that may be levelled against many statutes of limitation. Further-

more, as a matter of public policy D.W.I. laws, including the implied consent statute, are liberally construed in the public's favor and are strictly applied.

*Qualley,* slip op. at 3 (Minn.Ct.App., May 22, 1984).

### DECISION

In view of the testimony and the established interpretation of Minn.Stat. § 169.-123(5c) (1982), the court did not err in finding that the petitions were not timely filed.

We affirm.

---

1. However, an administrative review by the Commissioner of Public Safety is available un-

der Minn.Stat. § 169.123(5b) (1982).