Patrick William McSHANE, petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C6–85–1057.

Court of Appeals of Minnesota.

Nov. 26, 1985.

Review Denied Jan. 23, 1986.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Sherry A. Enzler, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FORSBERG, P.J., and PARKER and FOLEY, JJ.

## OPINION

FOLEY, Judge.

This appeal is from an April 26, 1985 order sustaining the revocation of appellant's driver's license under Minn.Stat. § 169.123 (1984), the implied consent statute. The trial court held that it was without jurisdiction to hear the matter since appellant's petition for judicial review was not filed within the 30–day statutory period set out in Minn.Stat. § 169.123, subd. 5c (1984).

## FACTS

Patrick McShane was arrested for DWI on January 27, 1985. He submitted to a blood test and the blood sample was sent to the Bureau of Criminal Apprehension (BCA) for analysis. Since results of the blood test were unknown at the time, the arresting police officer did not take McShane's driver's license. The results later indicated alcohol concentration in excess of .10.

On February 11, 1985, the Commissioner of Public Safety deposited a notice of revocation as first class mail in the United States Post Office in St. Paul. The notice of revocation was mailed to McShane's address of record in Faribault, Minnesota.

At an April 16, 1985 hearing, McShane testified that he had moved from the record address to another residence in Faribault on February 1, 1985. He admitted that the Commissioner was not notified of this change. The court noted that McShane had 30 days in which to notify the Department of Public Safety of any address change. *See* Minn.Stat. § 171.11 (1984). McShane claimed that he did not receive the notice of revocation in the mail until February 23, 1985. A petition for judicial review was subsequently filed on March 22, 1985.

The trial court determined that notice of revocation was deemed to be received by McShane on February 14, 1985, three days after the date of mailing as provided under Minn.Stat. § 169.123, subd. 5 (1984). Therefore, the 30–day filing period began on February 14 and concluded on March 16, 1985. McShane's filing of the petition for review on March 22, 1985 was thus 36 days after the deemed receipt of notice and order of revocation or six days after the appropriate statute of limitations period. The trial court concluded that it was without jurisdiction to hear the petition, even if delay in filing was not McShane's fault. The petition was accordingly dismissed. We affirm.

## ISSUE

Did the trial court properly dismiss a petition for review of a driver's license revocation when the driver failed to petition within the 30–day statutory period?

## ANALYSIS

■ The statute at issue here is Minn. Stat. § 169.123, subd. 5c (1984), which states:

Within 30 days following receipt of a notice and order of revocation pursuant to this section, a person may petition the court for review. The petition shall be filed with the clerk of county or municipal court in the county where the alleged offense occurred, together with proof of service of a copy on the commissioner of public safety, and accompanied by the standard filing fee for civil actions. No responsive pleading shall be required of the commissioner of public safety, and no court fees shall be charged for his appearance in the matter.

It is well established that the 30–day statute of limitations period for perfecting judicial challenges to revocations under Section 169.123 is jurisdictional in nature. *Winchester v. Commissioner of Public Safety,* 306 N.W.2d 899, 900 (Minn.1981). The *Winchester* decision further established that the 30–day filing period is to be strictly construed, even if a delay in filing is not the fault of the driver. *Id.* This court has reaffirmed the strict construction of *Winchester* in a number of recent decisions, notably in *Bitker v. Commissioner of Public Safety,* 373 N.W.2d 813 (Minn.Ct.App. 1985), and *Qualley v. Commissioner of Public Safety,* 349 N.W.2d 305 (Minn.Ct. App.1984). In both of these cases, this court upheld the dismissal of petitions for implied consent hearings based on lack of subject matter jurisdiction.

The appropriate starting date for the 30–day period of limitations in this case is set out in Section 169.123, subd. 5, which provides:

> A revocation under subdivision 4 becomes effective at the time the commissioner of public safety or a peace officer acting on his behalf notifies the person of the intention to revoke and of revocation. The notice shall advise the person of the right to obtain administrative and judicial review as provided in this section. *If mailed, the notice and order of revocation is deemed received three days after mailing to the last known address of the person.* (emphasis supplied)

The trial court correctly found that appellant was deemed to have notice under this section on February 14, 1985, three days after mailing to his known address.

Appellant argues that: (1) a liberal statutory construction is dictated when a change of address occurs; and (2) the insufficient notice here results in violation of due process.

1. *Statutory Construction.* Appellant asserts that Minn.Stat. § 171.11 (1984) gives him 30 days to notify the Commissioner of his address change:

> When any person, after applying for or receiving a driver's license, shall change his permanent domicile from the address named in such application or in the license issued to him, * * * such person shall, within 30 days thereafter, make application for a duplicate driver's license upon a form furnished by the department * * *.

He argues that given this time frame, he could reasonably assume that he would not incur a penalty for nonreceipt of legal notice until the end of the 30–day period.

■ While appellant correctly notes the time period within Section 171.11, he ignores the more relevant statutory language of Minn.Stat. § 171.24 (1984), which provides in part:

> Notice of revocation, suspension, or cancellation is sufficient if personally served, *or if mailed by first class mail to the person's last known address or to the address listed on the person's driver's license.* Notice is also sufficient if the person was informed that revocation, suspension, or cancellation would be imposed upon a condition occurring or failing to occur, and where the condition has in fact occurred or failed to occur. *It is not a defense that a person failed to file a change of address with the post office, or failed to notify the department of public safety of a change of name or address as required under section 171.11.* (emphasis supplied)

The express language of this section plainly indicates that notice of revocation is not deemed insufficient when a person fails to

file a change of address. This statutory section implicitly places the consequences of an address change on the driver. The consequence here is that appellant was still required to file a petition for review of his license revocation within 30 days of the time it was deemed to be received (three days after mailing). The one-week delay in receipt due to an address change does not extend the time for appeal.

Appellant next contends that the harsh results in this case support a liberal statutory construction in his favor. Specifically, he argues that the availability of a full post-revocation hearing is no longer a viable option since the 1982 amendment to Minn.Stat. § 171.19 (1980). That amendment eliminated use of a reinstatement procedure to challenge license revocations under Section 169.123. 1982 Minn.Laws ch. 423, §§ 9, 11. *See State v. Hanson,* 356 N.W.2d 689, 692 (Minn.1984).

We rejected this argument in *Qualley,* stating:

> If the result now seems harsh, it is a criticism that may be levelled against many statutes of limitation. Furthermore, as a matter of public policy D.W.I. laws, including the implied consent statute, are liberally construed in the public's favor and are strictly applied. *State, Department of Public Safety v. Juncewski,* 308 N.W.2d 316, 319 (Minn.1981).

*Qualley,* 349 N.W.2d at 307.

Appellant's final argument in favor of a liberal statutory construction stems from his reliance on *McIntee v. State, Department of Public Safety,* 279 N.W.2d 817 (Minn.1979). In *McIntee,* notice of proposed license revocation was sent by certified mail and ultimately deposited in a post office box. Postal notice to pick up the certified mail went unheeded by the driver and the mail was eventually returned to the commissioner. The court held that notice was sufficient. The holding was based on a finding of constructive delivery and McIntee's refusal or neglect to pick up the properly delivered notice. *Id.* at 820.

■ Appellant asserts that the driver's refusal to pick up his mail in *McIntee* dis-

tinguishes it from the present case. He contends that *McIntee* signifies a factual resolution based on fault; if he was not at fault for failure to receive notice, the limitations period should be construed against the Commissioner. This argument is misplaced. *Winchester* and its progeny have firmly established that the 30-day limitations period will be strictly construed even if a delay in filing is not the driver's fault.

■ 2. *Due Process.* Appellant contends that a strict construction of Section 169.123 would violate his constitutional right to due process under the fourteenth amendment. Specifically, he argues that "deemed" receipt of notice under subdivision 5 was insufficient under the circumstances and that his actual notice should control.

It is undisputed that state action affecting an interest in life, liberty or property requires the state to provide the burdened party with notice and an opportunity to be heard. *See Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). Moreover, it is well established that a driver's license is a protectible property interest subject to due process protection. *Mackey v. Montrym,* 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979); *Heddan v. Dirkswager,* 336 N.W.2d 54, 58–59 (Minn.1983).

Traditionally, the Supreme Court has utilized two separate analyses under the due process clause. When, for instance, the question is what process is due in an implied consent hearing, courts have used the balancing test set out in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). *Heddan,* 336 N.W.2d at 59. When the issue revolves around the adequacy of notice as in the present case, courts have utilized the due process analysis set out in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *See, e.g., Goldsworthy v. State, Department of Public Safety,* 268 N.W.2d 46, 48 (Minn.1978); *State v. Green,* 351 N.W.2d 42, 43 (Minn. Ct.App.1984).

In *Mullane*, the Supreme Court established that a fundamental prerequisite of due process in any proceeding was:

> [N]otice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Id.* 339 U.S. at 314, 70 S.Ct. at 657. Mindful of the geographical complexities involved in a vast distribution of population, the Court further stated:

> But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.

*Id.* at 314–15, 70 S.Ct. at 657. Appellant argues that notwithstanding *Mullane*, his affirmative showing that notice was not actually received until February 23, 1985 and his subsequent filing within 30 days of that date support his right to a hearing. In effect, appellant argues that due process requires actual notice before a statutory limitations period can constitutionally take hold. We do not agree.

First, *Mullane* did not require actual notice but rather notice "reasonably calculated" to inform parties of their opportunity to be heard. Second, this court has stated: "Actual receipt of the notice is not required to meet the due process requirement." *State v. Green*, 351 N.W.2d 42, 44 (Minn. Ct.App.1984), *citing with approval Hodges v. State*, 649 P.2d 775 (Okla.Crim.1982), and *State v. Wenof*, 102 N.J.Super. 370, 246 A.2d 59 (1968). The *Wenof* case, cited in *Green*, dealt with sufficiency of a revocation notice mailed to the driver's last known address under a statute similar to Minn.Stat. § 171.24. The *Wenof* opinion reaffirmed the *Mullane* standard and found the notice sufficient.

We further note that the statutory authority for revocation by mail has been amended since the section relied on in *McIntee*. At that time Section 169.123, subd. 5 required notice by *certified or registered mail*. In 1978, the subdivision was amended to exclude such a requirement and instead incorporate a less stringent requirement of first class mailing. 1978 Minn. Laws ch. 727, § 3.

## DECISION

The trial court did not err in dismissing the petition for lack of jurisdiction.

Affirmed.