**Jeffrey Alan JOHNSON, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C8-86-647.**

Court of Appeals of Minnesota.

Oct. 28, 1986.

Phillip Gainsley, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Jeffrey Alan Johnson petitioned for judicial review of the revocation of his driver's license. The trial court dismissed Johnson's petition for lack of jurisdiction, and he appeals from the trial court's order. We affirm.

## FACTS

On June 28, 1985, Johnson refused to submit to testing, and his license was revoked for one year pursuant to the implied consent law. He petitioned for judicial review on December 11, 1985. The Commissioner moved to dismiss for lack of jurisdiction. Johnson contended that the petition was timely because he had never been served with notice and order of revocation and he also argued that he did not refuse testing.

The testing officer testified that he requested Johnson to submit to chemical testing and determined that Johnson refused testing. The officer testified as to his usual manner of serving the notice and order of revocation. He gives the driver the document immediately after the driver takes or refuses the test, prior to the video interview. He places the form on the desk in front of the person as he explains the form to the driver; whether the person decides to pick it up is strictly up to him or her. He said he asked Johnson to put the form in his pocket and then told him to proceed into the video interview room. The officer could not recall what Johnson did with the form.

The form is placed on the test operator's desk with the Intoxilyzer, the simulator solution, telephone, stapler, tape and test record book. The officer stated that he set the form on the desk, explained that it was a seven-day temporary driver's license, turned it on the reverse side and showed Johnson the telephone number to call if he wanted to obtain a limited license. He normally circles the telephone number.

Johnson testified that he began taking the test, heard a noise, and stopped taking the test. Johnson claims a fight then ensued and that prior to leaving the room, he was not given the revocation form, but saw the form for the first time two months prior to the hearing when his attorney showed it to him. He said he was given no explanation about documents which were on the table, was not given any telephone numbers to call for a limited license, and received no explanation why his license was revoked. Johnson did apply for a limited license on July 9; he testified that he did so upon the advice of his attorney.

The trial court found that service of the notice and order of revocation was properly made on Johnson on June 28, 1985, by handing to and leaving with him a properly executed copy. Because the petition was not filed with the court until December 13, 1985, the trial court determined the petition was not timely filed and it therefore lacked jurisdiction to hear the matter. It dismissed the petition, and Johnson appeals from the trial court's order.

## ISSUES

1. Was the trial court clearly erroneous when it found that Johnson was served with the notice and order of revocation by the officer?

2. Did the trial court properly dismiss the implied consent proceeding for lack of jurisdiction?

## ANALYSIS

■ 1. The implied consent law provides that a license revocation becomes effective:

at the time the commissioner of public safety or a peace officer acting on his behalf notifies the person of the intention to revoke and of revocation.

Minn.Stat. § 169.123, subd. 5 (1984). The statute further provides:

a peace officer requiring a test or directing the administration of a chemical test shall serve immediate notice of intention to revoke and of revocation on a person who refuses to permit a test or on a person who submits to a test the results

of which indicate an alcohol concentration of 0.10 or more. The officer shall take the license or permit of the driver, if any, and issue a temporary license effective only for seven days. The peace officer shall send the person's driver's license to the commissioner of public safety along with the certificate required by subdivision 4.

Minn.Stat. § 169.123, subd. 5a (1984).

Johnson argues that the trial court's finding of fact as to the service is clearly erroneous. Johnson contends that he recalled the events in question well, and the officer recalled the incident "somewhat." He argues that the trial court's oral and written findings fail to properly consider the credibility of the witnesses, and that the trial court's findings are unsupported by the testimony.

Findings of fact of the trial court will not be set aside unless clearly erroneous, and due regard is given to the opportunity of the trial court to judge the credibility of the witnesses. Minn.R.Civ.P. 52.01; *Thorud v. Commissioner of Public Safety*, 349 N.W.2d 343, 344 (Minn.Ct.App.1984).

The trial court's findings that the service was made by "handing to and leaving with" Johnson a properly executed copy of the notice and order is a permissible characterization of the testimony. The trial court was entitled to believe the testimony of the officer rather than the testimony of the driver. The finding is not clearly erroneous.

■ 2. The statute provides that a petition for judicial review must be brought within thirty days of receipt of the notice and order of revocation. Minn.Stat. § 169.-123, subd. 5c. The thirty-day period for challenging the revocation is jurisdictional. *McShane v. Commissioner of Public Safety*, 377 N.W.2d 479, 481 (Minn.Ct.App. 1985), *pet. for rev. denied*, (Minn. Jan. 23, 1986); *Qualley v. Commissioner of Public Safety*, 349 N.W.2d 305, 307 (Minn.Ct.App. 1984). The district court is without jurisdiction to extend the limitations. *Winchester v. Commissioner of Public Safety*, 306 N.W.2d 899, 900 (Minn.1981). The trial court properly dismissed the petition for lack of jurisdiction where it determined Johnson had been served with notice and order for revocation on June 28, 1985, and the petition was not filed with the court until December 13, 1985. *McShane*, 377 N.W.2d at 481; *Qualley*, 349 N.W.2d at 308.

## DECISION

The trial court's order dismissing the petition for lack of jurisdiction is affirmed.

Affirmed.