*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0134**

David Wayne Easterday, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent

**Filed September 14, 2015
Affirmed
Ross, Judge**

Wright County District Court
File No. 86-CV-14-3803

Charles A. Ramsay, Daniel J. Koewler, Ramsay Law Firm, PLLC, Roseville, Minnesota (for appellant)

Lori Swanson, Attorney General, William J. Young, Jeffrey S. Bilcik, Assistant Attorneys General, St. Paul, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**ROSS**, Judge

The commissioner of public safety revoked David Easterday's driver's license after a blood test indicated that he drove while impaired. Easterday petitioned the district court to review the revocation, and the commissioner urged the district court to dismiss the petition because Easterday failed to file the petition within the required 30 days of receiving notice of the revocation. Easterday's attorney acknowledged that a certificate of mailing reflected that the notice had been sent long before Easterday petitioned for review. The district court dismissed his petition, and we affirm, because it was untimely filed.

## FACTS

Police arrested David Easterday for impaired driving in late March 2014. He submitted to a blood test, which revealed the presence of a controlled substance. The commissioner of public safety therefore revoked Easterday's driver's license.

Easterday filed a petition for judicial review of that decision on July 18, 2014. The commissioner moved the district court to dismiss the petition for lack of jurisdiction, maintaining that Easterday missed the statutory deadline that passed 30 days after Easterday received the commissioner's notice of the revocation. The commissioner took the position that notice mailed by the department of public safety "is deemed received three days after mailing to the last known address of the person." *See* Minn. Stat. § 169A.52, subd. 6 (2014). The commissioner declared that the notice was mailed to

Easterday on May 28, 2014, making May 31 the effective receipt date and rendering the July 18 petition untimely.

The district court conducted a hearing at which Easterday claimed he never received the notice. He claimed that he knew his license was revoked only because he had been detained by police and told about it. He did not contend that the address on the notice was not his; he maintained only that neither he nor his parents (who also live at the address) ever received the notice. But Easterday's attorney acknowledged that the evidence supports the commissioner's assertion that the notice had been mailed on May 28: "We have a certification from Joan Kopcinski -- she's the director -- indicating that it was mailed on -- 'it' being the revocation order -- mailed on May 28, 2014." For reasons unknown to us, the certified document referred to was not included in the district court's record.

The district court found that Easterday received the revocation notice on May 31, 2014, and that he did not file his petition by the statutory deadline of June 30, 2014. It granted the commissioner's motion to dismiss the untimely petition for lack of jurisdiction.

Easterday appeals.

**D E C I S I O N**

Easterday argues on appeal that the district court lacked evidence to determine whether it had jurisdiction to review the revocation. Revocation of a driver's license becomes effective when the commissioner "notifies the person of the intention to revoke, disqualify, or both, and of revocation or disqualification." Minn. Stat. § 169A.52, subd. 6

3

(2014). "If mailed, the notice and order of revocation or disqualification is deemed received three days after mailing to the last known address of the person." *Id.* Once a person receives the revocation notice, he has 30 days to petition for judicial review. Minn. Stat. § 169A.53, subd. 2(a) (2014). Meeting this 30-day filing deadline is necessary to maintain the court's jurisdiction to review. *Plocher v. Comm'r of Pub. Safety*, 681 N.W.2d 698, 701 (Minn. App. 2004).

Easterday insists that the finding that he received the notice on May 31 lacks evidentiary support. He is correct that the commissioner did not move into evidence the document that reflected the May 28 mailing date. But a party may admit to a fact, and Easterday's attorney acknowledged on the record that he possessed an "under oath" "certification from Joan Kopcinski -- she's the director -- indicating that it was mailed on -- 'it' being the revocation order -- mailed on May 28, 2014." Although the attorney was not testifying as a fact witness and a lawyer's assertions are not evidence, we see no clear error here. The lawyer, acting as an officer of the court and representing Easterday, acknowledged an apparently undisputed fact based on an expressly referenced and quoted certified document. The lawyer effectively conceded on Easterday's behalf to the apparently noncontroversial and documentarily supported fact of the May 28 mailing date. The district court's finding is therefore not clearly erroneous.

Easterday's only remaining argument is that his alleged nonreceipt implicates his due-process rights. But the process of mailing a revocation notice alone meets due process regardless of whether the notice is actually received. *See McShane v. Comm'r of*

4

*Pub. Safety*, 377 N.W.2d 479, 482–83 (Minn. App. 1985), *review denied* (Minn. Jan. 23, 1986). We see no error in the district court's dismissal.

**Affirmed.**