Roger Allen JOHNSON, petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

A16-0506

Court of Appeals of Minnesota.

Filed December 27, 2016

Samuel J. Edmunds, Sieben Edmunds PLLC, Mendota Heights, Minnesota (for appellant).

Lori Swanson, Attorney General, Cory Beth Monnens, Assistant Attorney General, St. Paul, Minnesota (for respondent).

Considered and decided by Johnson, Presiding Judge; Hooten, Judge; and Smith, Tracy M., Judge.

## OPINION

SMITH, TRACY M., Judge

Appellant Roger Allen Johnson challenges the district court's dismissal of his implied-consent petition for judicial review of the revocation of his driver's license. The district court concluded that it lacked jurisdiction because Johnson's petition failed to meet the statute of limitations under Minn. Stat. § 169A.53, subd. 2(a) (2014), which requires that a petition be brought within 30 days following receipt of a notice and order of revocation. Johnson argues that the district court erred in concluding that the statute of limitations had run based on a finding that the officer properly served notice on the night of the driving incident, without finding that Johnson received a notice and order of revocation. Because we agree that the district court applied the wrong legal standard, and because the evidence would not support a finding that Johnson received a notice and order of revocation on the relevant date, we reverse and remand.

## FACTS

Johnson was arrested on April 23, 2015, on suspicion of driving while intoxicated. Hutchinson police officer Greg Nadeau took Johnson to the police department and asked him to take a blood or urine test for alcohol concentration. Johnson did not submit to a test. The officer told Johnson his license would be revoked and asked John-son to sign an electronic copy of a notice and order of revocation on a computer. Johnson refused to provide an electronic signature. The officer left the room to retrieve a copy of the notice and order of revocation and other paperwork from a printer. When the officer returned to the room where Johnson was waiting, "Johnson was having a medical episode," lying "on the floor, screaming" and complaining of stomach pain. The officer asked dispatch to send an ambulance.

The officer did not hand Johnson the notice and order of revocation "because [Johnson] wasn't responding on the floor." The officer testified that he "believe[s]" he placed the notice and order of revocation with Johnson's personal belongings and gave them to paramedics to be brought to the hospital with Johnson. The officer testified that he "can't remember exactly what happened with the paperwork" and was "not 100 percent" certain that it was delivered to the hospital with Johnson's personal belongings. But the officer testified that if the notice had been left behind, someone at the police department would have mailed it to Johnson. The officer did not believe there was a police officer with Johnson when he was released from the hospital and did not know if anyone ever gave Johnson the paperwork.

Johnson testified that no one gave him any paperwork regarding his driver's license and that he did not find any papers with his personal belongings at the hospital. Johnson testified that he believed he was allowed to drive after April 23 and that he first found out his license was revoked when he received a letter from the state sometime during the next month.

Johnson filed a petition for judicial review of the revocation on June 22, alleging many procedural and substantive defects, including lack of notice. The commissioner

of public safety moved to dismiss Johnson's petition, arguing that the district court lacked subject-matter jurisdiction to hear the matter because Johnson did not file the petition within 30 days after receipt of a notice and order of revocation, as required by Minn. Stat. § 169A.53, subd. 2(a). If Johnson received the notice and order of revocation on April 23, the last day to file a timely petition for judicial review would have been well before June 22, 2015.

The district court found that the officer told Johnson his license would be revoked and asked Johnson to electronically sign the notice on a computer. The district court also found that, during Johnson's medical episode, the officer placed the notice and order of revocation with Johnson's personal belongings and gave them to ambulance staff to be brought to the hospital with Johnson. The district court further found that the notice document was not at the police station after Johnson left. The district court did not make findings as to whether Johnson actually received a copy of the notice and order of revocation or whether the notice was actually with Johnson's belongings when he left the hospital. However, the district court found it credible that Johnson "was aware of what took place," that "the paperwork went with him [to the hospital]," and that Johnson was notified "at least as required by the statute, that he needed to review that paperwork and take action if he wanted to avoid the revocation going on his record." The district court reasoned that it didn't "know what else [the officer] could have done," other than contact the Minnesota Department of Public Safety and ask it to send notice by mail because of the "unusual set of circumstances."

The district court issued an order dismissing Johnson's petition as untimely and sustaining the revocation based on the conclusion that the officer "properly served [Johnson] with a Notice and Order of Revocation" on April 23. The district court's order did not contain a finding or conclusion on the proper legal question, which is whether Johnson received a notice and order of revocation within the meaning of Minn. Stat. § 169A.53, subd. 2(a).

Johnson appeals.

## ISSUE

Did the district court err in concluding that Johnson's petition for judicial review of a license revocation was untimely under Minn. Stat. § 169A.53, subd. 2(a)?

## ANALYSIS

The existence of subject-matter jurisdiction is a legal question that we review de novo. *Plocher v. Comm'r of Pub. Safety*, 681 N.W.2d 698, 701 (Minn. App. 2004). We review the interpretation of a statute de novo. *Swenson v. Nickaboine*, 793 N.W.2d 738, 741 (Minn. 2011). The district court's conclusions of law are subject to de novo review and may be overturned if the district court erroneously construed or applied the law. *Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 393 (Minn. 2003). The district court's factual findings will not be set aside unless they are clearly erroneous. *Jasper v. Comm'r of Pub. Safety*, 642 N.W.2d 435, 440 (Minn. 2002).

The commissioner of public safety is authorized to revoke a driver's license "[u]pon certification by the peace officer that there existed probable cause to believe the person had been [driving while impaired], and that the person refused to submit to a test." Minn. Stat. § 169A.52, subd. 3(a) (2014). Such a revocation becomes effective when the commissioner or a peace officer "notifies the person of the intention to revoke . . . and of revocation." *Id.*, subd. 6 (2014). "The notice must advise

the person of the right to obtain administrative and judicial review as provided in section 169A.53." *Id.*

■ A person may obtain judicial review by serving and filing a petition "[w]ithin 30 days following receipt of a notice and order of revocation or disqualification pursuant to section 169A.52." Minn. Stat. § 169A.53, subd. 2(a). "A failure to file a petition for judicial review within the 30-day statutory period deprives the district court of jurisdiction to hear the petition." *Thole v. Comm'r of Pub. Safety*, 831 N.W.2d 17, 19 (Minn. App. 2013), *review denied* (Minn. July 16, 2013).

■ The parties do not dispute that the notice and order of revocation is dated April 23, or that Johnson filed his petition for review on June 22, more than 30 days after April 23. The issue is whether the 30-day period began to run on April 23. If Johnson received a notice and order of revocation on April 23, then the 30-day period began to run and Johnson's petition was untimely. But if he did not receive a notice and order of revocation, then the 30-day period did not begin to run, Johnson's petition was timely, and the district court had jurisdiction to decide the petition.

The district court concluded that the officer effectively notified Johnson through a combination of three events, when the officer (1) placed the notice with Johnson's personal belongings and gave the items to paramedics to be taken to the hospital with Johnson, after he (2) asked Johnson to sign an electronic copy of the notice and order of revocation, which Johnson refused to sign, and (3) told Johnson his license would be revoked. Johnson argues that these events did not constitute "receipt of a notice and order of revocation." *See* Minn. Stat. § 169A.53, subd. 2(a); *Thole*, 831 N.W.2d at 19–20. We agree.

*Giving the Notice to Paramedics*

Johnson argues that the officer's act of placing the notice and order of revocation with Johnson's personal belongings and giving those items to the paramedics for transport to the hospital did not result in his receipt of a notice and order of revocation. Neither party claims that the officer ever handed the notice to Johnson. The district court did not make a finding that Johnson actually received a copy of the notice and order of revocation at the hospital or at any time. The officer testified that he believed he gave the notice to the paramedics with Johnson's personal belongings, but he "[couldn't] remember exactly what happened with the paperwork" and was "not 100 percent" certain that the notice was delivered to the hospital with Johnson's belongings. The officer also testified that he did not know if anyone gave the notice to Johnson at the hospital. Johnson testified that no one gave him the notice and that the notice did not end up with his personal belongings at the hospital.

The commissioner argues that these facts are similar to those in *Johnson v. Comm'r of Pub. Safety*, where we upheld dismissal of a driver's petition based on the statute of limitations. 394 N.W.2d 867, 868–69 (Minn. App. 1986). In *Johnson*, the officer "place[d] the [notice and order of revocation] on the desk in front of the person as he explain[ed] the form to the driver," but the driver apparently neglected to pick it up. *Id.* We concluded that the statute of limitations was triggered. Here, in contrast, Johnson was lying on the floor, unresponsive, and having a medical episode, and could not have been expected to pick up any paperwork. The notice was not placed in front of Johnson; instead, the officer relied on non-police third parties to take the notice document to the hospital along with Johnson.

The commissioner also cites *State v. Omwega*, in which we concluded that a driver received notice where a police officer placed the notice and order of revocation in the driver's bag with his other property and handed the bag to him when he was released from police custody. 769 N.W.2d 291, 296 (Minn. App. 2009), *review denied* (Minn. Sept. 29, 2009). In *Omwega*, a law-enforcement officer gave the bag containing the notice-and-order-of-revocation document directly to the driver, rather than relying on third parties to give it to the driver like the officer did in this case.

Here, the district court found that the officer never offered a copy of the notice and order of revocation to Johnson. Instead, the notice was placed with other items not secured in a bag, at least one non-law-enforcement intermediary handled it, and it was moved from the police station to the ambulance and then into the hospital before it reached Johnson's possession, all amidst a medical emergency. Under the facts of this case, where no officer ever offered a copy of the notice and order of revocation to Johnson personally, and there is no evidence that Johnson ever actually received it, it would be erroneous to find receipt of the notice document by Johnson.[1]

*Oral and Electronic Notice*

The district court did not conclude that giving the notice document to the paramedic was sufficient in itself to establish that Johnson had received notice within the meaning of Minn. Stat. § 169A.53, subd. 2(a). Rather, the district court concluded that Johnson had notice "because . . . the officer told him about the fact that he's being revoked and was preparing the paperwork and . . . put the paperwork with Mr. Johnson's personal belongings," and Johnson "was aware of what took place." The district court's conclusion thus depends on the totality of the circumstances, including the oral notice and the display of the electronic document, and is not rooted in a finding that Johnson received a notice- and-order-of-revocation document.

The statute permits a driver to file a petition for judicial review "[w]ithin 30 days following receipt of *a notice and order of revocation*." Minn. Stat. § 169A.53, subd. 2(a) (emphasis added). Arguably, the use of the indefinite article "a" and the name of a specific document indicates that the limitations period is triggered by receipt of that document, not just any generic means of notice. *Id.* But we need not decide whether the statute mandates that only a copy of the notice-and-order-of-revocation document satisfies the receipt requirement of section 169A.53, subdivision 2(a), because even if we read the statute to allow alternative forms of notice, the evidence would not support a conclusion that Johnson received notice.

With respect to the electronic notice, the record contains no evidence regarding how much of the document was visible on the screen, how readable it was, how long the document was displayed in front of Johnson, or whether the officer gave Johnson an opportunity to read the screen or merely asked him to sign the electronic signature pad. Thus, the evidence is insufficient to support an inference that Johnson received notice through the officer's request

---

1. There is one circumstance under which the implied-consent statute deems a person to have received a notice and order of revocation through constructive notice. If a notice and order of revocation is mailed to the last known address of the person, the notice is "deemed received three days after mailing." Minn. Stat. § 169A.52, subd. 6. Because the commissioner does not allege that a notice and order of revocation was mailed to Johnson, the constructive-notice provision is not at issue here.

that he sign an electronic copy of the document.

As to oral notice, the evidence would not support a finding that Johnson received sufficient notice under Minn. Stat. § 169A.53, subd. 2(a). A notice and order of revocation not only notifies that the driver's license will be revoked, but also notifies the driver that he has a right to administrative and judicial review. Minn. Stat. § 169A.52, subd. 6 (stating that for a revocation to be effective, "[t]he notice must advise the person of the right to obtain administrative and judicial review as provided in section 169A.53"). There is no evidence that the officer told Johnson about the right to review. The officer testified that he "told [Johnson] this would be a Notice and Order of Revocation of his plates and his driver's license." When asked whether he gave Johnson any additional details about the revocation, the officer responded, "I don't remember exactly what I said to him." Johnson testified that the officer did not tell him anything about a review process or a time limit for challenging a license revocation. Thus, the record does not support a conclusion that the officer's oral notice amounted to Johnson's "receipt of a notice and order of revocation" under Minn. Stat. § 169A.53, subd. 2(a).

Even accepting the district court's factual findings—that the officer told Johnson his license would be revoked, asked him to sign an electronic copy of the notice, and gave the notice to paramedics with Johnson's personal belongings, to be transported in the ambulance and left in the hospital for Johnson to find—the conclusion that Johnson received a notice and order of revocation within the meaning of Minn. Stat. § 169A.53, subd. 2(a), is not supported by the record.

## DECISION

Because the evidence and findings do not support the conclusion that Johnson received a notice and order of revocation, the statute of limitations under Minn. Stat. § 169A.53, subd. 2(a), was not triggered, and Johnson's petition was not untimely. The district court therefore erred in concluding that it lacked jurisdiction. We reverse the district court's dismissal of Johnson's petition and remand to the district court for further proceedings consistent with this opinion.

**Reversed and remanded.**